**O**

# United States District Court
# Central District of California

REBECCA MARCUS,

            Plaintiff,

    v.

UNITED STATES DEPARTMENT OF VETERAN AFFAIRS,

            Defendant.

Case № 2:20-cv-03110-ODW (ASx)

**ORDER GRANTING MOTION TO DISMISS [15]**

## I.  INTRODUCTION

Defendant United States Department of Veterans Affairs (the "VA") moves to dismiss Plaintiff Rebecca Marcus's Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(1).  (Mot. to Dismiss ("Motion" or "Mot."), ECF No. 15.)  The Motion stands unopposed.  For the reasons that follow, the Court **GRANTS** the VA's Motion.[1]

## II.  BACKGROUND

Marcus, a disabled veteran with mobility issues, receives medical services from the VA.  (Compl. ¶¶ 8, 13, ECF No. 1.)  Marcus also uses the VA as a safe passage while relocating among storage units, safe homes, and shelters where she resides.  (*Id.* ¶ 11.)  Having "consulted with several VA employees," Marcus has been "advised to

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

use the women's locker room when needing to pack items for transport" while relocating residences.  (*Id.* ¶ 9.)

On December 18, 2018, Marcus visited the VA to seek medical treatment, and she was using the VA women's locker room to pack her belongings for transport when she was questioned by "several sets of male Defendant Employee VA Police Officers." (*See id.* ¶ 12.)  Marcus had placed her belongings in lockers because there was an unusually large number of VA employees in the locker room that morning, and she planned to continue packing when the crowd lessened.  (*Id.* ¶¶ 14–15.)  The officers ordered Marcus to remove her items from the lockers, and one offered her clear plastic bags within which to place her belongings.  (*Id.* ¶¶ 16–17.)  Marcus offered to use an available abandoned shopping cart to carry her belongings away from the VA, but the officers did not allow her to do so.  (*Id.* ¶¶ 21–23.)  With no other way to transport her belongings in that moment, and after being told that her belongings would be stored in the "Patient Effects Storage Unit" at the VA, Marcus was told to leave and to not return before 9:00 a.m. the next day.  (*Id.* ¶¶ 19–25.)

On December 19, 2018,[2] Marcus returned to find that the VA had discarded most of her belongings under the officers' instructions.  (*Id.* ¶¶ 26–35.)  Marcus filed a claim seeking compensation for the destroyed items, but the VA denied her claim.  (*Id.* ¶¶ 53–54.)  The VA advised Marcus that if she was dissatisfied with the denial, she could sue directly under the Federal Torts Claims Act ("FTCA"), but that "[i]n any lawsuit, the proper party defendant is the United States, not the Department of Veterans Affairs."  (*Id.* ¶ 54, Ex. A ("Denial Letter").)  On April 2, 2020, Marcus filed this action seeking compensation for her discarded belongings under the FTCA.  (*See id.* ¶¶ 62–81.)  Defendant VA moves to dismiss pursuant to Rule 12(b)(1).  (*See* Mot.)

---

[2] Marcus alleges that she returned on December 19, 2019 (Compl. ¶ 26), but the year in the Complaint appears to have been a typographical error, as Exhibit A to the Complaint indicates that these events took place before October 2019.

### III.   LEGAL STANDARD

Under Rule 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction.  "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.*  "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*  Regardless of the type of motion asserted under Rule 12(b)(1), the plaintiff always bears the burden of showing that federal jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376–78 (1994); *Valdez v. United States*, 837 F. Supp. 1065, 1067 (E.D. Cal. 1993), *aff'd* 56 F.3d. 1177 (9th Cir. 1995).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

### IV.   DISCUSSION

**A.   Motion to Dismiss Claims Against the VA**

The VA argues that the Court lacks subject matter jurisdiction because Marcus improperly brings this suit against the VA, as opposed to the United States, under the FTCA.  (Mot. 1.)  The VA is correct insofar as the FTCA "only allows claims against the United States.  Although such claims can arise from the acts or omissions of United States agencies, an agency itself cannot be sued under the FTCA." *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998) (citations omitted).  Marcus brings a single claim under the FTCA against the VA, but she fails to show that the VA is subject to suit in its own name. *See Shelton v. U.S. Customs Serv.*, 565 F.2d 1140, 1141 (9th Cir. 1977) ("[F]ederal agencies are not subject to suit [by their names] unless so authorized by

Congress in explicit language."). Accordingly, the VA's Motion to Dismiss all claims against it, for want of jurisdiction, is **GRANTED**. Because the Court finds that amendment would be futile as to the VA, all claims asserted in this action against the VA are hereby **DISMISSED WITH PREJUDICE**.

**B.    Leave to Amend Caption**

Notwithstanding the above, Marcus appears to have brought her Complaint against both the VA *and* the United States. (Compl. 5.) The Ninth Circuit has held that "even if an improper defendant is indicated in the caption, [the court] may consider a complaint to have named the proper defendant 'if the allegations made in the body of the complaint make it plain that the party is intended as a defendant.'" *Barsten v. Dep't of Interior*, 896 F.2d 422, 423 (9th Cir. 1990) (quoting *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) (applying leniency where a requirement to name the proper defendant "was [not] meant as a trap for the unwary *pro se* litigant" and "ha[d] not been employed as a method of nonsuiting *pro se* plaintiffs")) (reversing district court's dismissal of action where plaintiff neglected to include the proper defendant in the caption, but the allegations made clear that the proper defendant was intended as a party).

Here, although Marcus omits the United States as a defendant in the caption of her Complaint, the body of the Complaint clearly shows that Marcus intends for the United States itself to be a Defendant. Under the heading titled "Parties," Marcus identifies three separate parties: herself, the VA, and "Defendant United States." (Compl. ¶¶ 3–5.) The overwhelming majority of her allegations refer simply to "Defendant" or "Defendants"; thus, her single cause of action appears no more directed to the VA than it is directed to the United States as a defendant. (*See generally id.* ¶¶ 62–81.) Notably, the Summons issued by the Clerk of Court on April 13, 2020, is clearly captioned as "Rebecca Marcus v. United States." (Summons, ECF No. 8.) Moreover, the Proof of Service filed by Marcus indicates that she attempted service of process upon the United States—not the VA—in accordance with Rule 4(i)(1). (Proof

of Service, ECF No. 9); *see also* Fed. R. Civ. P. 4(i)(1) (setting forth the requirements for serving the United States).[3]

The Court acknowledges, however, that the United States has yet to be added as a defendant to the docket in this action, and its ability or obligation to have filed a response to the initial Complaint remains questionable. Accordingly, in the interests of justice, the Court deems it appropriate to grant Marcus leave to amend her Complaint with a proper caption, thereby giving the United States an opportunity to respond to a First Amended Complaint should Marcus choose to file one. *See Barsten*, 896 F.2d at 423–24 (remanding with directions to allow the plaintiff to amend the caption of the complaint); Fed. R. Civ. P. 15(a)(2) ("[T]he court should freely give leave [to amend] when justice so requires.").

## V.    CONCLUSION

For the reasons discussed above, it is hereby **ORDERED** that:

- The VA's Motion is **GRANTED**. All claims in this action asserted against the VA are **DISMISSED WITH PREJUDICE**. (ECF No. 15). Dismissal shall have preclusive effect only as to Defendant United States Department of Veterans Affairs.

- Marcus may file a First Amended Complaint, with a corrected caption naming the United States as a defendant, no later than **December 18, 2020**. Failure to timely file an amended complaint will result in dismissal of the action for lack of prosecution, without further warning. Fed. R. Civ. P. 41.

- If Marcus files a First Amended Complaint, **she must effectuate valid service of process—including the Summons and First Amended Complaint— upon the United States**. *See* Fed. R. Civ. P. 4. And if Marcus requires the United States Marshals Service to complete service on her behalf, as authorized in the Court's August 10, 2020 Order (ECF No. 14), Marcus must follow the "Instructions for Service of Process by U.S. Marshal," which can be found online at https://www.usmarshals.gov/process/usm285.htm. Failure to timely serve the Summons and First Amended Complaint upon the United

---

[3] The Court notes, however, that the Proof of Service filed by Marcus indicates that she herself executed service, which is improper. (Proof of Service 1); *see* Fed. R. Civ. P. 4(c)(2).

States, absent a showing of good cause for such a failure, will result in dismissal of the action without further warning.  Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**

November 24, 2020

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

6